UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK WADE GANTT,

                Plaintiff,

v.

NURSE HOLMS,
C.O. O'HARE and
LINDA STARR,

                Defendants.

Case # 11-CV-6449-FPG

DECISION & ORDER

Introduction

*Pro se* Plaintiff Mark Wade Gantt brings this action under 42 U.S.C. § 1983 against defendants Nurse Holms, C.O. O'Hare, and Linda Starr, alleging that his constitutional rights were violated while in custody at the Five Points Correctional Facility. Dkt. #1. Defendants have moved to revoke Plaintiff's *in forma pauperis* status and to dismiss the Complaint, Dkt. #8, arguing that Plaintiff has violated the so-called "three strikes" rule of the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). That section provides that:

> [I]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants' motion is granted. As discussed below, the record conclusively demonstrates that Plaintiff had accumulated three strikes prior to September 8, 2011, the date this litigation was commenced.

1

## Discussion

I.  Plaintiff's Three Strikes

Strike One:

The dismissal in *Gantt v. Monty, et al.*, No. 10-CV-01429 (N.D.N.Y. Jan. 5, 2011), serves as strike one. There, the district court adopted the magistrate judge's report and recommendation, and dismissed the action with prejudice for failure to state a claim upon which relief can be granted. Because the dismissal was for failure to state a claim, the dismissal counts as a strike under § 1915(g).

Strike Two:

The dismissal in *Gantt v. Fauro, et al.*, No. 10-CV-01428 (N.D.N.Y. Mar. 3, 2011), serves as strike two. In *Fauro*, the district court concluded that Plaintiff's complaint failed to state a claim upon which relief could be granted. The district court afforded Plaintiff the opportunity to amend his complaint and avoid dismissal, but Plaintiff declined. As a result, the case was dismissed. Again, because the dismissal was based on Plaintiff's failure to state a claim, the dismissal counts as a strike under § 1915(g).

Strike Three:

The dismissal in *Gantt v. Racicot, et al.*, No. 10-CV-01526 (N.D.N.Y. Feb. 7, 2011) serves as strike three. In *Racicot*, the district court adopted the magistrate judge's report and recommendation, and dismissed the action with prejudice for failure to state a claim upon which relief can be granted. As previously stated, because the dismissal was for failure to state a claim, the dismissal counts as a strike under § 1915(g).

II. Plaintiff's False Statements to the Court

The Western District of New York provides *Pro Se* litigants with a standard complaint form to be used in filing a § 1983 case, and which was used by Plaintiff in this case. Section 4(B) of that form asks Plaintiff if he or she has begun any other lawsuits in federal court related to their imprisonment and, if so, to provide the names of the defendants and the court information for that case, including district, docket number, and assigned judge. Further, if the case was dismissed, the Plaintiff must indicate the reason it was dismissed, such as for being frivolous, malicious, or for failure to state a claim; for failure to exhaust administrative remedies; or for other reasons. At the end of the complaint form, the Plaintiff declares, under penalty of perjury, that his answers to those questions are true and correct. The import of this section is apparent: it allows the Court to discharge its obligation to screen the complaint for compliance with the PLRA.

Here, Plaintiff indicated that he had initiated no prior lawsuits regarding his incarceration, and declared under penalty of perjury that this statement was true and correct. Despite this representation, the reality is that Plaintiff had initiated multiple actions in federal court, and had at least three of those cases dismissed within two years prior to filing the Complaint in this action. Such false statements will not be tolerated by this Court, and Plaintiff is warned that any future misrepresentations in any litigation brought in this district will subject him to sanctions under Fed.R.Civ.P 11.

III. Imminent-Danger Exception

Finally, § 1915(g) provides an exception to the "three strikes" rule when "the prisoner is under imminent danger of serious physical injury." Whether a plaintiff falls within this exception is to be judged at the time of the filing of the complaint. *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the

3

imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed.").

Plaintiff has not made any showing of imminent physical danger to qualify for the exception. At best, the danger alleged in his complaint is that he was deprived of acne medication. Assuming *arguendo* that such a deprivation did occur, and construing his Complaint with the leniency that the Court must afford pro se litigants, *see, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), this allegation is wholly insufficient to suggest that Plaintiff faced an imminent danger of serious physical injury when he commenced this action on September 8, 2011.

## Conclusion

Defendants' motion to dismiss the Complaint (Dkt. # 8) is granted. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status is hereby revoked and the Complaint is dismissed without prejudice to refile with payment of the $350.00 filing fee.

IT IS SO ORDERED.

DATED:    Rochester, New York
          April 26, 2013

_____
HON. FRANK P. GERACI, JR.
United States District Judge